UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------ X
                                     :
THE SULTANATE OF OMAN,               :
                                     :  Civil Action No.
           Plaintiff,                :
                                     :
      v.                             :  COMPLAINT
                                     :
ADEL A HAMADI AL TAMIMI,             :
                                     :
           Defendant.                :
                                     :
------------------------------------ X
```

Plaintiff the Sultanate of Oman ("Oman"), by and through its undersigned attorneys, brings this action against Defendant Adel A Hamadi Al Tamimi ("Al Tamimi") pursuant to 22 U.S.C. § 1650a and Article 54 of the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 ("ICSID Convention"). The action seeks to enforce a monetary award issued in favor of Oman and against Al Tamimi in arbitration proceedings conducted under the auspices of the International Centre for the Settlement of Investment Disputes ("ICSID").

## INTRODUCTION

1.  This is an action to enforce the unanimous final award issued in the ICSID arbitration proceedings captioned ARB/11/33 ("Award"). A copy of the Award is attached as Exhibit 1 to this Complaint. The Award was issued on November 3, 2015 and ordered Al Tamimi to pay costs in the amount of $5,677,410.24, plus interest on that sum at the 91-day US Treasury Bill rate, compounded quarterly. Al Tamimi has not paid any part of the amount due Oman under the Award.

## PARTIES

2. Plaintiff Oman is a country located on the southeastern coast of the Arabian Peninsula.

3. Defendant Al Tamimi is a natural person and United States citizen who resides in Wakefield, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy." Section 1650a(a) provides that "[t]he pecuniary obligations imposed by [an ICSID award] . . . shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(1), which provides that an action may be brought in a district "in which any defendant resides."

## FACTUAL BACKGROUND

**A. The ICSID Convention.**

6. Article 54(1) of the ICSID Convention requires contracting states to "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

7. To fulfill this obligation, the United States passed implementing legislation that provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an

> award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. § 1 *et seq.*) shall not apply to enforcement of awards rendered pursuant to the [ICSID] convention.

22 U.S.C. § 1650a(a).

8. In addition, the ICSID Convention provides that awards rendered pursuant to the Convention may not be challenged except by application to the Secretary-General of ICSID for annulment. No such application has been made in this case.

**B.  The ICSID Award.**

9. On December 5, 2011, Al Tamimi filed a request for arbitration against Oman with ICSID ("Request for Arbitration"). In his Request for Arbitration, Al Tamimi alleged that Oman had breached the Agreement between the Government of the United States of America and the Government of the Sultanate of Oman on the Establishment of a Free Trade Area ("US-Oman FTA"). Al Tamimi's allegations related to a failed limestone mining project he had begun in Oman.

10. ICSID registered the Request for Arbitration on December 23, 2011, and the arbitral tribunal (the "Tribunal") was duly constituted on April 25, 2012. The parties then engaged in discovery and each made two written submissions on jurisdiction and the merits of the case. The parties' submissions included legal memoranda, expert reports, and witness statements. In-person hearings on jurisdiction and the merits were then conducted in London from April 28, 2014 through May 8, 2014, and included oral testimony of expert and fact witnesses and legal submissions from each party's counsel. After the hearings, the parties made further written submissions in response to questions from the Tribunal. The government of the United States of America, which was not a party to the dispute, also filed a written submission regarding the interpretation of the US-Oman FTA.

11. The Tribunal issued its Award on November 3, 2015, unanimously finding that it had jurisdiction over the dispute and that Al Tamimi's claims were "entirely unmeritorious." The Tribunal dismissed all of Al Tamimi's claims and directed him to pay to Oman costs of $5,677,410.24, seventy-five percent of the total costs Oman had claimed. The Tribunal further directed Al Tamimi to pay to Oman interest on the awarded costs starting sixty days after the date of the Award (or from January 2, 2016) at the 91-day U.S. Treasury Bill rate, compounded quarterly. Al Tamimi has not paid any part of the costs the Tribunal ordered him to pay in the Award.

## CAUSE OF ACTION
### (Enforcement of ICSID Arbitration Award)

12. Oman restates and incorporates the allegations in paragraphs 1 through 11 above.

13. The United States and Oman are signatories to the ICSID Convention. Awards issued pursuant to the ICSID Convention "shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a.

14. The Award is a final award under the ICSID Convention.

15. The Award directs Al Tamimi to pay Oman $5,677,410.24, plus interest running from sixty days after the date of the Award, or January 2, 2016, calculated at the 91-day Treasury Bill rate and compounded quarterly.

16. Al Tamimi has not satisfied any part of the payment obligation imposed by the Award.

17. Oman is entitled to a judgment (a) recognizing and confirming the Award pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, and (b) directing Al

Tamimi, in accordance with the Award, to pay Oman $5,677,410.24, plus interest running from January 2, 2016, calculated at the 91-day Treasury Bill rate and compounded quarterly.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated above, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant and grant the following relief:

a) Order that the pecuniary obligations in the Award in favor of the Sultanate of Oman and against Adel A Hamadi Al Tamimi be recognized and entered as a judgment by the Clerk of this Court in the same manner and with the same force and effect as if the Award were a final judgment of this Court, as required by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

b) Order that Defendant Adel A Hamadi Al Tamimi, in accordance with the pecuniary obligations in the Award, pay Plaintiff the Sultanate of Oman the sum of $5,677,410.24, plus interest running from January 2, 2016, at the 91-day Treasury Bill rate and compounded quarterly; and

c) Grant all other and further relief as the Court deems just and proper.

Dated: Boston, Massachusetts
June 20, 2018

Respectfully Submitted,
DLA PIPER LLP (US)

By: /*s*/ Stephen W. Hassink
Stephen W. Hassink (BBO #693496)
33 Arch Street, 26th Floor
Boston, MA 02110
P: (617) 406-6067
F: (617) 406-6100
E: steve.hassink@dlapiper.com

*Counsel for Plaintiff Sultanate of Oman*